UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINCENT TILLMAN, ) <br> ) <br> Defendants. ) <br> ) | Crim. No. 06-172 (EGS) |

**DEFENDANT MOTION TO MODIFY HIS CONDITIONS OF RELEASE AND
MEMORANDUM AND PROFFER IN SUPPORT THEREOF**

Defendant, Vincent Tillman, through undersigned counsel, hereby requests that this Court modify his current release conditions pursuant to 18 U.S.C. § 3145(b) and order Mr. Tillman's release on personal recognizance or under the heightened supervision program of the Pretrial Services Agency.

**DISCUSSION**

On March 6, 2006, Mr. Tillman was arrested and charged by criminal complaint in the Superior Court for the District of Columbia for the offenses giving rise to the immediate indictment. A preliminary hearing was scheduled for March 10, 2006. The government was unprepared to proceed because its witnesses were not present. The preliminary hearing was rescheduled for March 14, 2006, at which time the court released Mr. Tillman on his own recognizance after the government was unprepared. The court scheduled a status hearing for April 7, 2006. Mr. Tillman appeared as required, at which time the court dismissed the charges pending against him. During

the pendency of this case in the Superior Court, Mr. Tillman was on supervised release and being supervised in Maryland. His probation officer did not seek a detainer or to institute revocation proceedings against him at any point because he had otherwise been in full compliance with the terms of his supervision. He remains in full compliance with the terms of his supervision.

On June 15, 2006, the government filed an indictment in this Court against Mr. Tillman. On June 27, 2006, the government filed a superseding indictment against Mr. Tillman. The charges arise from the same set of circumstances giving rise to Mr. Tillman's arrest on March 6, 2006 and the complaint brought against him in the Superior Court for the District of Columbia. Mr. Tillman stands charged with Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year in violation of 18 U.S.C. § 922(g); Possession With Intent To Distribute 100 grams or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(I); and Using, Carrying or Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. 924(c)(1).

This Court scheduled an arraignment in this matter for June 28, 2006. Mr. Tillman received notice in the mail at his address of record, and voluntarily appeared at his arraignment. At the arraignment, the Court held a detention hearing. At the detention hearing, the Court spoke with an official at the Court Supervision and Offender Services office in the District of Columbia charged with monitoring Mr. Tillman. The Court was informed that Mr. Tillman is supervised by a Maryland probation office. Mr. Tillman's Maryland probation officer was unavailable to provide the Court with a report on Mr. Tillman's compliance.

Since the arraignment and detention hearing, counsel for Mr. Tillman has spoken to Ms. Crystal Jones, who is charged with supervising Mr. Tillman in Maryland. She indicates that, aside

from his March 6, 2006 arrest, Mr. Tillman has been in full compliance with his conditions of supervision. She indicates that he has paid all fines and court costs, has completed over 200 hours of community service, has maintained full-time employment, has maintained stable residence, and has reported to her as required. She indicates that Mr. Tillman notified her of his arrest in March, and that she did not intend to request revocation until after the final resolution of this matter. She further indicates that she does not intend to request revocation now until the final resolution of this matter. She indicates that her decision is informed by Mr. Tillman's otherwise exemplary record while on supervision. She faxed counsel a copy of a letter she wrote on May 17, 2006 on Mr. Tillman's behalf and indicates that her description of Mr. Tillman in her letter has not changed. See Letter of Agent Krystal Jones, attached as Exhibit A.

    Counsel for Mr. Tillman has confirmed all of the information contained in the Pretrial Services Agency Report, both through Mr. Tillman's probation officer, as well as through his family. Mr. Tillman is a lifelong resident of the D.C. area. He is a high school graduate and has received his commercial drivers license. At the time of his arrest, Mr. Tillman held employment at D.C. Department of Public Works where he had worked for four years. He recently transferred to M.V. Transportation Company where he was in training to become a transit operator for Metro. Mr. Tillman currently lives with his wife, mother, and stepfather at the address listed in the Pretrial Services Agency report. There are no facts before this Court to suggest that Mr. Tillman will not appear at future court hearings. He has never failed to appear for a hearing before. Mr. Tillman's probation officer indicates that he is amenable to community supervision and thus is not a danger to the community. Should the Court nevertheless have a concern regarding dangerousness or flight risk, they can be effectively alleviated by placing Mr. Tillman in the heightened supervision program

if he is not released on his own recognizance.

WHEREFORE, Vincent Tillman, respectfully requests this Court to release him on his own recognizance or into the heightened supervision program.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500