UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

     :

     :     Case No.: 06-CR-172(EGS)

v.      :     Judge Sullivan

     :     Status Hearing: October 12, 2006

VINCENT TILLMAN,      :

     :

         Defendant.      :

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

VINCENT TILLMAN, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, pursuant to the Fourth, Fifth and Sixth Amendments of the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, moves this Court to suppress the use of any and all physical evidence seized from Mr. Tillman's vehicle, a 1986 Mercury station wagon, and any and all statements, admissions or confessions given by the defendant, whether oral, written, or otherwise recorded, that the government proposes to use as evidence against Mr. Tillman at trial. As grounds for this request, the defendant states as follows:

On March 6, 2006, members of the Metropolitan Police Department First District Crimes Unit were on uniformed patrol in the area of 12th and M Streets, S.E., Washington, D.C. During this patrol, Officer (Pfc.) Reisinger allegedly observed a 1986 Mercury station wagon bearing DC license plate number CK 3380 turn north from M Street, S.E., onto 11th Street, S.E. and allegedly observed that the driver was not wearing a seat belt. Officer Reisinger drove behind the vehicle, activated his emergency lights and siren and initiated a traffic stop of the above-noted vehicle. Officer Reisinger approached the vehicle, asked the driver, later identified as Vincent Tillman, to produce

his license and registration. During this inquiry, Officer Reisinger allegedly detected an odor of burnt marijuana emanating from the vehicle and proceeded to question Mr. Tillman to determine if there was any marijuana in the vehicle. In response to this inquiry, Mr. Tillman informed the officer that he had smoked marijuana and that he threw the "J" out onto the freeway. Officer Reisinger called for back up and directed Mr. Tillman and the front seat passenger, Tannia Goodwin, to exit the vehicle.

Once Mr. Tillman and Ms. Goodwin exited the vehicle, law enforcement officials searched the vehicle and recovered a hand rolled cigarette which contained a green plant like substance, which the officer(s) identified as marijuana, from the inside the driver's seat. The officers allege that the end of this cigarette was burnt. Following this discovery, Mr. Tillman was placed under arrest for possession of marijuana.

Subsequent to Mr. Tillman's arrest, Officer Reisinger continued to search the vehicle and during this search allegedly noticed that the rear back panel of the passenger seat was loose. Officer Reisinger removed the rear back panel and allegedly recovered a black knit skull cap with a loaded black and silver Smith and Wesson forty (40) caliber weapon from this area. Officer Reisinger also allegedly recovered, from the same area, a sandwich bag inside of a large freezer bag that contained 50.2 grams of a brown rock like substance, two additional sandwich bags inside of a clear plastic bag that contained 3.2 grams of an off-white powder and two other clear plastic bags each with two sandwich bags that contained 23.1 grams, 13.4 grams and 34.5 of an off-white powder.

After the discovery of the above-noted items, Mr. Tillman and Ms. Goodwin were placed under arrest and transported to the First District for Processing. The officer

2

recovered three hundred and thirty two dollars ($332.00) from Ms. Goodwin's purse and Mr. Tillman was issued a Notice of Infraction for failing to wear a seat belt.

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS TANGIBLE EVIDENCE

On March 6, 2006, Officer Reisinger searched Mr. Tillman's vehicle in an attempt to gather evidence for use in prosecution. Mr. Tillman challenges the validity of the warrantless search and seizure as a violation of his rights as guaranteed by the Fourth, Fifth and Sixth Amendments to the United States Constitution. He moves to suppress all evidence seized, and all fruits thereof. United States v. Martinez-Fuerte, 428 U.S. 543, 556, 49 L.Ed 2d 660, 96 S.Ct. 3074 (1976); Florida v. Royer, 460 U.S. 491, 498 (1983)(plurality opinion); United States v. Gooding, 695 F.2d 78 (4th Cir. 1982); Jackson v. Deno, 378 U.S. 368 (1964); United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed. 2d 497 (1980); Almeida-Sanchez v. United States, 413 U.S. 266, 269-270, 93 S.Ct. 2535, 2537 (1973); Ybarra v.Illinois, 444 U.S. 85, 62 L.Ed 2d 238, 100 S.Ct 338 (1979). Evidence discovered as a direct result or indirect fruit of the illegal seizure must be suppressed. Wong Sun v. United States, 371 U.S. 471, 488 (1963).

**I.   NO REASONABLE SUSPICION EXISTED FOR AN INVESTIGATORY STOP; ALTERNATIVELY, REASONABLE SUSPICION IS INSUFFICIENT TO JUSTIFY THE SEARCH AND SEIZURE OF DEFENDANT OR THE VEHICLE.**

In Terry v. Ohio, 392 U.S. 1 (1968), the Supreme Court identified the initiation of police action where an officer observed three men who appeared to be "casing" a store for a robbery and then approached them for questioning and frisked them. The Court stated that such conduct that warrants constitutional scrutiny:

> There is some suggestion in the use of such terms as "stop" and "frisk" that such police conduct is outside the purview of the Fourth Amendment

3

> because neither action rises to the level of a "search" or "seizure" within
> the meaning of the Constitution. We emphatically reject this notion.

Id. at 16 (emphasis added). Under Terry, an officer's reasonable suspicion of criminal activity will justify a temporary stop of the subject to determine if there is probable cause for arrest, and to conduct a protective frisk for weapons. Id.

Officer Reisinger did not have reasonable suspicion, based on objective facts, to believe that Mr. Tillman was involved in criminal activity prior to the encounter. Although the police are permitted to approach and question citizens on the street, the initial encounter can subsequently develop into an investigatory stop. In determining whether an initial encounter becomes a "stop" under Terry, this court must view of all the circumstances and determine whether a reasonable person in the defendant's position would have believed that he was not free to leave. See United States v. Mendenhall, 446 U.S. 544 (1980).

In this case, the circumstances clearly indicate that Mr. Tillman reasonably believed that he was not free to leave. Once Mr. Tillman surrendered his identification to the officer and Officer Reisinger questioned him about the odor of marijuana, he was not free to leave. Mr. Tillman submitted to the authority of the officers by allowing them to physically restrain his movements, the encounter had clearly evolved into an investigatory stop requiring that the officers have reasonable suspicion.

However, even upon a valid showing of reasonable suspicion, police are permitted only to temporarily detain the subject while ascertaining with more certainty whether probable cause exists, and to conduct a frisk of the subject for the purpose of securing any weapons that the subject may possess. Terry does not authorize searches for the purpose of establishing probable cause.

4

Therefore, assuming, *arguendo*, what may have been a permissible investigatory stop at its inception quickly evolved into an intrusion upon Mr. Tillman's protected privacy interests, and required that the officers obtain a warrant based upon probable cause. Because the government cannot show probable cause here, evidence discovered as a direct result or indirect fruit of the illegal search and seizure must be suppressed. United States v. Wong Sun, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

## II.    NO PROBABLE CAUSE EXISTED FOR THE WARRANTLESS SEARCHES AND SEIZURES.

At the time the officers initially approached Mr. Tillman they did not have probable cause to either search or arrest him. Searches conducted outside of the judicial process without the benefit of a warrant are presumptively unconstitutional and must be supported by some valid exception to the warrant requirement. Katz v. United States, 389 U.S. 347 (1967); Coolidge v. New Hampshire, 403 U.S. 443, 454-455 (1971). A warrantless arrest in a public place is permissible only if the arresting officer has probable cause. Henry v. United States, 361 U.S. 98, 100-02 (1959).

It is well settled that probable cause exists when there are trustworthy facts and circumstances which, as a whole, would lead a reasonable person to believe that there is a fair probability that the person or item to be searched will possess or contain fruits, instrumentalities, or evidence of crime. Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause exists when, considering the totality of the circumstances, a reasonably prudent person applying "common sense conclusions about human behavior" would believe that a crime has been committed or is being committed. Illinois v. Gates, 462 U.S. 213, 230 (1983); Carroll v. United States, 267 U.S. 132, 161 (1925). The circumstances must be viewed from the perspective of a reasonably cautious police

officer in light of the officer's experience and training. <u>United States v. Davis</u>, 458 F. 2d 819, 821-22 (D.C. Cir. 1972).

    In the instant case, at no time did the police have probable cause to conduct a search of Mr. Tillman's vehicle. When law enforcement officials searched Mr. Tillman's vehicle there was no probable cause to believe that a crime had been committed, or that Mr. Tillman possessed illegal contraband or any instruments of a crime. <u>Scott v. United States</u>, 436 U.S. 128 (1978). Mr. Tillman did not exhibit conduct which might plant the seeds of suspicion in the mind of a trained police officer. At the time the police officers stopped Mr. Tillman, they had not observed him engaged in any activity involving a weapon, narcotics or illegal conduct. Thus, probable cause did not exist to justify intrusion upon Mr. Tillman's rights to be free from unreasonable searches and seizures, and any evidence recovered from their warrantless search of the defendant's person and vehicle must be suppressed as such.

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS STATEMENTS, ADMISSIONS AND CONFESSIONS**

    The government will seek to introduce the statement(s) law enforcement officials allegedly obtained from Mr. Tillman. Mr. Tillman submits that the statement(s) obtained from him were obtained in violation of the dictates of the Supreme Court in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). In <u>Miranda</u>, the Supreme Court held that prior to interrogation of a defendant who was in custody "or otherwise deprived of his freedom of action in any significant way" <u>id</u>. at 444, the police must warn him (1) that he had a right to remain silent; (2) that any statement that he makes may be used as evidence against him; (3) that he is entitled "to consult with a lawyer and to have a lawyer with him during interrogation," <u>id</u>. at 474; (4) that an attorney will be appointed to represent him if

6

he cannot afford to retain one; and (5) that he may exercise any of these rights at any point during the interrogation. Each of these warnings must be expressly stated.

Mr. Tillman is entitled to a pre-trial hearing to determine the admissibility of any confessions allegedly made by him to the law enforcement officials. Jackson v. Denno, 378 U.S. 368 (1964). The government has the burden of proving by a preponderance of the evidence that the defendant's confession was voluntary. Leggo v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker." Columbe v. Connecticut, 367 U.S. 568, 602 (1961) (plurality opinion), approved in Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973).

The question of the voluntariness of a confession is separate and distinct from the issue of compliance or non-compliance with the requirements of Miranda v. Arizona, supra. Thus, voluntariness may still be at issue even though the Miranda requirements have been met.

Finally, when a confession is challenged on voluntariness grounds, the Court must conduct an evidentiary hearing and make a clear factual finding. In determining voluntariness, a Court may not consider the probable trustworthiness of the confession. Jackson v. Denno, supra, at 376-77, 383-86. Indeed, it is reversible error for the Court to do so. Rogers v. Richmond, 364 U.S. 534, 540-41 (1961). Voluntariness of a confession turns solely on circumstances surrounding the confession. Involuntariness of the confession may be shown not only to be physical coercion, but by a variety of more or less subtle types of psychological coercion. Brown v. Mississippi, 297 U.S. 278 (1936).

If a person confesses in response to being confronted with illegally obtained evidence, the confession must be excluded from evidence. Fahy V. Connecticut, 375 U.S. 85 (1963); Brown v. Illinois, 422 U.S. 590, 605 and n. 12 (1975); United States ex rel Hardy v. Brierly, 326 F. Supp. 364, 368 (E.D. Pa. 1971), aff'd, 458 F.2d 38 (3rd Cir. 1972). The defendant need not be physically confronted with the evidence; it is sufficient if the defendant is aware that the police have obtained such evidence.

WHEREFORE, for the reasons stated herein, the defendant respectfully requests that this Court schedule a hearing on the Motion to Suppress Tangible Evidence and Statements, Admissions and Confessions to make a determination of the admissibility of the evidence and moves that this Motion be granted, and for such other relief as is just.

> Vincent Tillman
> By Counsel
>
> Respectfully submitted,
>
> Billy L. Ponds
> The Ponds Law Firm
> Bar No. 379883
> 3218 O Street, N.W
> Suite Two
> Washington, D.C. 20007
> (202) 333-2922

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Defendant's Motion to Suppress Tangible Evidence and Statements, Admissions and Confessions was sent via facsimile and first class mail to Michael Liebman, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on the 28th day of August, 2006.

Michelle Anapol

9