```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      :  No. 1:06-cr-172-EGS
                              :
        v.                    :
                              :
VINCENT E. TILLMAN,           :
        Defendant             :
```

Government's Motion To Permit Impeachment of Defendant With
<u>Evidence of Prior Conviction</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of his prior conviction for distribution of heroin, if he chooses to testify at trial in the above matter, pursuant to Rule 609 of the Federal Rules of Evidence.

<u>Background</u>

Defendant Tillman has been charged in a three-count indictment with being a felon in possession of a firearm (count one), possession with intent to distribute 100 grams or more of heroin (count two), and use of a firearm during the commission of a drug trafficking offense (count three).  The predicate prior conviction supporting count one is the defendant's conviction, in D.C. Superior Court in 2002, of unlawful distribution of heroin.  The indictment alleges that the offenses occurred on or about March 6, 2006.  The defendant has pled not guilty.

<u>The Defendant's 2002 Heroin Distribution Conviction Is
        Admissible for Impeachment Purposes.</u>

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying.  Fed. R. Evid. 609(b).

 The 2002 distribution conviction easily meets the rule's general timing requirement.  In addition, the defendant was sentenced to nine years imprisonment (execution of sentence suspended as to all but nine months), thus satisfying the rule's requirement that the conviction be for a crime punishable by at least one year in prison.

As for probative value and prejudicial effect, the Court of Appeals, in United States v. Jackson, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the

similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case. Id. at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609 of the defendant's prior convictions.

First, felony drug convictions are the type of convictions probative of a witness's veracity. United States of America v. Barrow, 448 F.3d 37, 44 (1st Cir. 2006); see also United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.), cert. denied, 516 U.S. 878 (1995). Thus, the first Jackson factor supports admission under rule 609.

The second Jackson factor, the timing of the conviction, also favors admission because, although originally imposed in 2002, defendant Tillman was still on probation for this offense when he committed the offenses in this case, and was recently ordered held pending a revocation hearing next month. Thus, the ten-year clock in rule 609 has been set back to zero, see United States v. McLintlock, 748 F.2d 1278, 1287-88 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985),[1] effectively making the

---

[1] McLintlock held that post-sentencing re-incarceration must have some substantive connection to the original conviction for the 10-year clock to re-start. 748 F.2d at 1288. At least one other court that examined the issue saw no need to impose such a limit. See United States v. Brewer, 451 F. Supp. 50, 52-53 (E.D.

conviction very recent, which weighs in favor of admission under rule 609.

Admittedly, the third <u>Jackson</u> factor weighs against admission. Because the prior conviction was for a drug offense and the defendant is charged in count two of this case with a drug offense, there is some risk that the jury, notwithstanding a limiting instruction, will improperly infer guilt on that count based on the similar nature of the prior conviction.

As for the importance of the defendant's testimony and the degree to which his credibility is central, the final two <u>Jackson</u> factors, this case is likely to come down to whether the jury believes the defendant constructively possessed the firearm, ammunition, and heroin hidden behind the vehicle's passenger seat. As the government does not expect to call any witnesses to testify the defendant had stated he knew the contraband was there, if he were to testify that he did not know about it, that testimony could be persuasive. Under those circumstances, the jury should also be permitted to consider that the defendant has a prior conviction for distribution of heroin. Thus, the fourth and fifth <u>Jackson</u> factors--the importance of the defendant's

---

Tenn. 1978). In any event, the government submits that the basis for defendant's re-incarceration for the 2002 conviction--his re-arrest in this case--is connected to the original conviction, since the 2002 conviction was for distribution of heroin and the new case includes a charge of possession of heroin with intent to distribute.

4

testimony and the degree to which his credibility is central--also weigh in favor of admitting the prior drug conviction for impeachment purposes.

Furthermore, in this case the government will already have offered proof in its case in chief that the defendant has been convicted of a prior offense carrying a penalty of more than one year in prison, in order to prove up a necessary element of the § 922(g) violation in count one.  Under such circumstances, there is less prejudice to the defendant when he is later impeached with evidence of the same prior conviction.  Cf. United States v. Lattner, 385 F.3d 947, 960-61 (6th Cir. 2004) (holding that prejudicial effect of impeachment of defendant with evidence of prior drug conviction was minimal in light of fact that government had already introduced evidence of the defendant's conduct underlying the prior conviction, pursuant to rule 404(b) of the Federal Rules of Evidence), cert. denied, 543 U.S. 1095 (2005).[2]

## Conclusion

Accordingly, with all five Jackson factors weighing in favor of admissibility, coupled with the fact that the jury will

---

[2] The government also intends to move to use, in its case in chief, the defendant's 2002 conviction and the underlying conduct as other crimes evidence under rule 404(b) of the Federal Rules of Evidence.  If the Court were to grant that motion, the additional prejudice from having the defendant impeached with evidence of the conviction if he were to testify would be practically de minimis.

5

necessarily have heard some evidence that the defendant was previously convicted of a prior felony, the Court should permit the government to impeach the defendant with evidence of his prior conviction.

                        Respectfully submitted,
                        KENNETH L. WAINSTEIN
                        United States Attorney

by: _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov