**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**    :  **No. 1:06-cr-172-EGS**

                     :

        **v.**              :

                     :

**VINCENT E. TILLMAN,**      :

        **Defendant**     :

Government's Notice And Motion To Permit Use Of Other
<u>Crimes Evidence</u>

The United States of America, by and through the United
States Attorney for the District of Columbia, hereby gives notice
and moves the Court to permit use by the government of evidence
of another crime committed by the defendant, pursuant to rule
404(b) of the Federal Rules of Evidence.

<u>Background</u>

Defendant Tillman has been charged in a three-count
indictment with being a felon in possession of a firearm (count
one), possession with intent to distribute 100 grams or more of
heroin (count two), and use of a firearm during the commission of
a drug trafficking offense (count three).  The predicate prior
conviction supporting count one is the defendant's conviction, in
D.C. Superior Court in 2002 (F-7155-00), of unlawful distribution
of heroin.  The indictment alleges that the offenses occurred on
or about March 6, 2006.  The defendant has pled not guilty.

The charges are based on a traffic stop, occurring at
approximately 10:10 p.m., on March 6, 2006, in the 1100 block of
Eleventh Street, S.E., Washington, D.C., that resulted in the

recovery of heroin and a loaded handgun from inside the vehicle the defendant was driving.

The defendant's conduct underlying his 2002 conviction is the other crime evidence that the government seeks to introduce. The 2002 conviction was based on a controlled purchase of heroin, by an undercover police officer, in the area of Second and K Streets, N.E., at approximately 12:43 p.m., on October 9, 2000. Specifically, an undercover officer walked into that area, met up with an individual named Mark Thompson, and inquired about purchasing "Ghetto-Boy," i.e., heroin, from Thompson.  Thompson responded by pointing to the defendant, who was standing nearby. Thompson, the undercover officer and the defendant then walked into a nearby alley, at which point the officer handed Thompson $20 in pre-recorded funds.  Thompson then handed the money to the defendant, who then handed two small green ziplock bags of heroin back to Thompson.  Thompson then passed the heroin to the undercover officer.

A few minutes later, an arrest team moved toward the alley to arrest both Thompson and the defendant.  The team succeeded in arresting Thompson but the defendant successfully fled the area. He was eventually arrested on November 19, 2000.  Following a jury trial, he was found guilty of distribution of heroin.

Admissibility of 2000 Drug Activity Under Rule 404(b) of the
<u>Federal Rules of Evidence</u>

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  In this case, the government will offer evidence that the defendant's act in distributing heroin in 2000, described above, shows intent, knowledge and absence of mistake with respect to the second count of the indictment, possession with intent to distribute heroin.

The Court of Appeals has held that the above rule is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character." <u>United States v. Linares</u>, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted).  Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity. <u>United States v. Bowie</u>, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000).  If

the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403.  Id.

_____ Here, the government will not be offering the evidence to prove the defendant's character, but to show that on March 6, 2006, he knew what heroin was, he knew how to sell and distribute heroin, and that he was aware there was heroin in his vehicle.

The caselaw in this Circuit is very supportive of admitting prior drug activity in a drug prosecution.  In United States v. Watson, 335 U.S. App. D.C. 232, 171 F.3d 695 (1999), the Court of Appeals acknowledged that prior acts of drug trafficking are relevant, under rule 404(b), to show the defendant knew how to sell drugs.  Id. at 240, 171 F.3d at 239.  Similarly, in United States v. Washington, 297 U.S. App. D.C. 73, 969 F.2d 1073, the Court of Appeals upheld the admission of the defendant's act of selling drugs that preceded the charged offense of distribution, because it was "probative of intent, knowledge and plan on the part of Washington."  Id. at 81, 969 F.2d at 1081.

United States v. Burch, 332 U.S. App. D.C. 287, 156 F.3d 1315 (1998), cert. denied, 526 U.S. 1011 (1999), is particularly instructive.  In Burch, the trial court admitted evidence of the defendant's prior drug conviction, under rule 404(b), in part because the prior conviction involved the same drug, and the Court of Appeals affirmed.  Id. at 296, 156 F.3d at 1324.  In

4

this case, the defendant's 2000 drug activity involved the same drug as the charged in count 2 of the indictment.

Finally, as the Court of Appeals held in its en banc decision in United States v. Crowder, 329 U.S. App. D.C. 418, 141 F.3d 1202 (1998) (Crowder II), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000), evidence of a defendant's prior drug activity is relevant to show that he has "knowledge of the substance within his possession." Id. at 424, 141 F.3d at 1208 (internal quotation marks omitted). As the Court explained further in a footnote: "A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show he knew how to get drugs, what they looked like, where to sell them, and so forth." Id. at 424 n. 5, 141 F.3d at 1208 n.5.

As for rule 403,[1] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." United States v. Cassell, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted). In this case, as

---

[1]Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

stated above, there is a close relationship given the common drug involved.  In addition, when the purpose of disputed evidence is to show state of mind, as in this case, probative value is high. See id. at 92, 292 F.3d at 796.

Finally, in making its determination under rule 403, the Court should consider that, even assuming the usual stipulation in cases involving felon-in-possession charges, the government will necessarily be proving up the fact that the defendant was previously convicted of a felony.  Thus, the jury will be aware that the defendant has a prior conviction, even without the admission of any 404(b) evidence.

Conclusion

The defendant's prior act of heroin distribution is admissible in the government's case-in-chief to show intent, knowledge and absence of mistake.  A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


by:    _____
       Michael C. Liebman
       Assistant United States Attorney
       D.C. Bar No. 479562
       555 Fourth Street, N.W., room 4231
       Washington, D.C.  20530
       353-2385
       michael.liebman@usdoj.gov