UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
                                  :    Case No.: 06-CR-172(EGS)
v.                                :    Judge Sullivan
                                  :    Status Hearing: October 18, 2006
VINCENT TILLMAN,                  :
                                  :
         Defendant.               :

## DEFENDANT'S MOTION TO PRECLUDE THE INTRODUCTION OF THE DEFENDANT'S PRIOR CONVICTIONS

VINCENT TILLMAN, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits the Defendant's Motion to Preclude the Introduction of the Defendant's Prior Convictions, opposes the government's introduction of prior crimes evidence and moves this Honorable Court, pursuant to Federal Rules of Evidence 403 and 404(b), and to the defendant's rights to fundamental fairness and to a fair trial embodied in the Fifth and Sixth Amendments to the United States Constitution, for an order precluding the government from using evidence of prior convictions at the defendant's trial in this case. In support thereof, the defendant states as follows:

On March 6, 2006, members of the Metropolitan Police Department First District Crimes Unit were on uniformed patrol in the area of 12th and M Streets, S.E., Washington, D.C. During this patrol, Officer (Pfc.) Reisinger allegedly observed a 1986 Mercury station wagon bearing DC license plate number CK 3380 turn north from M Street, S.E., onto 11th Street, S.E. and allegedly observed that the driver was not wearing a seat belt. Officer Reisinger drove behind the vehicle, activated his emergency lights and siren and initiated a traffic stop of the above-noted vehicle. Officer Reisinger approached the vehicle, asked the driver, later identified as Vincent Tillman, to produce

his license and registration. During this inquiry, Officer Reisinger allegedly detected an odor of burnt marijuana emanating from the vehicle and proceeded to question Mr. Tillman to determine if there was any marijuana in the vehicle. In response to this inquiry, Mr. Tillman informed the officer that he had smoked marijuana and that he threw the "J" out onto the freeway. Officer Reisinger called for back up and directed Mr. Tillman and the front seat passenger, Tannia Goodwin, to exit the vehicle.

Once Mr. Tillman and Ms. Goodwin exited the vehicle, law enforcement officials searched the vehicle and recovered a hand rolled cigarette that contained a green plant like substance, which the officer(s) identified as marijuana, from the inside of the driver's seat. The officers allege that the end of this cigarette was burnt. Following this discovery, Mr. Tillman was placed under arrest for possession of marijuana.

Subsequent to Mr. Tillman's arrest, Officer Reisinger continued to search the vehicle and during this search allegedly noticed that the rear back panel of the passenger seat was loose. Officer Reisinger examined the above-noted area of the vehicle and allegedly recovered a black knit skull cap with a loaded black and silver Smith and Wesson forty (40) caliber weapon inside. Officer Reisinger also allegedly recovered, from the same area, a sandwich bag inside of a large freezer bag that contained 50.2 grams of a brown rock like substance, two additional sandwich bags inside of a clear plastic bag that contained 3.2 grams of an off-white powder and two other clear plastic bags each with two sandwich bags that contained 23.1 grams, 13.4 grams and 34.5 of an off-white powder.

After the discovery of the above-noted items, Ms. Goodwin was placed under arrest and both Mr. Tillman and Ms. Goodwin were transported to the First District for

Processing. The officer recovered three hundred and thirty two dollars ($332.00) from Ms. Goodwin's purse and Mr. Tillman was issued a Notice of Infraction for failing to wear a seat belt.

A United States District Court for the District of Columbia grand jury returned a three count indictment, which charged the defendant with being a felon in possession of a firearm (count one), possession with intent to distribute 100 grams or more of heroin (count two), and use of a firearm during the commission of a drug trafficking offense (count three).

In its motion, the government submits that the predicate prior conviction supporting count one of the indictment is the defendant's conviction in the Superior Court of the District of Columbia for unlawful distribution of heroin in case number F-7155-00. (government's notice at p.1). The circumstances and facts that led to the defendant's arrest and conviction are as follows:

On October 9, 2000, Investigator Durham, of the Major Narcotics Bureau, reported to the area of 2nd and K Streets, N.W., Washington, D.C. to engage in undercover narcotics transactions. While in the above-noted area, Investigator Durham encountered Mark Thompson (hereinafter Thompson) and engaged in a conversation with him regarding purchasing some "Ghetto Boy" a.k.a. heroin. Thompson allegedly pointed to an individual known as Pete Boy[1] and told Investigator Durham to follow him. Thompson, Pete Boy, and Investigator Durham walked into an alley in the rear of 215 K Street, S.E., Washington, D.C. at which time Investigator Durham gave Thompson twenty ($20.00) dollars. Thompson allegedly handed the currency to Pete Boy, and in

---

[1] Pete Boy was identified as Vincent Tillman, Jr.

exchange, Pete Boy allegedly gave Thompson two (2) green ziplock bags that contained a white powder substance, which he handed to Investigator Durham.

Investigator Durham departed the area and broadcast a look-out for Thompson and Pete Boy. Thompson was apprehended by the police while Pete Boy allegedly eluded capture by the police. Investigator Durham returned to the Major Narcotics Branch, was shown a photo of Pete Boy, and he positively identified this individual as the person who sold him two (2) ziplock bags of a white powder substance.

Investigator Durham petitioned for and received an arrest warrant for Mr. Tillman. On October 13, 2000, Investigator Ramadhan, of the Major Narcotics Bureau, informed Officer Glover about the outstanding warrant for Mr. Tillman's arrest and instructed him to look out for and arrest him. On November 19, 2000, Officer Swinson was in the area of the 1000 block of 4th Street, S.E., Washington, D.C. where he saw Mr. Tillman, he called Investigator Ramadhan and informed him that he had located Mr. Tillman. Investigator Ramadhan instructed Officer Swinson to arrest Mr. Tillman and transport him to the Major Narcotics Bureau. Officer Swinson located Mr. Tillman in the rear of 1009 4th Street, S.E., Washington, D.C., placed him under arrest and transported him to the Major Narcotics Bureau where he was charged with distribution of heroin.

The government seeks to introduce the defendant's conviction in case number F-7155-00, more specifically the defendant's conduct that led to his arrest and conviction as other crime evidence (government's notice at p.2).

## ARGUMENT

Federal Rule of Evidence 404(b) carves out an exception to the prohibition on evidence of other crimes or bad acts by an accused if such evidence is relevant to

"motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b).

It is axiomatic that before evidence of other bad acts by an accused may be admitted it must be deemed both "relevant to an actual issue in the case, and its probative value must not be outweighed by its unfair prejudice to the defendant." United States v. Vaughn, 601 F.2d 42, 45 (2d Cir. 1979). See also United States v. Mothershed, 859 F.2d 585, 588 (8th Cir. 1988)(reversing conviction for trial court's failure to exclude similar act evidence and acknowledging that "admission of prior bad acts under Fed. R. Evid. 404(b) requires that the evidence be relevant to a material issue, clear and convincing, more probative than prejudicial, and similar in kind and close in time to the crime charged") (footnote omitted); United States v. Foskey, 636 F. 2d 517, 523 (D.C. Cir. 1980)("Despite the inherently damaging nature of bad acts evidence, it may be admissible to show a material issue in the case such as motive, opportunity, intent, identity, or absence of mistake or accident"); United States v. Manafzadeh, 592 F.2d 81, 86 (2d Cir. 1979)(reversing conviction for erroneous admission of other crimes evidence and stating that "other-crime evidence may not be received unless it is relevant to an actual issue in the case and unless its probative value on that issue is not outweighed by its unfair prejudice to the defendant").

In Mr. Tillman's case, the government has not met any prerequisite required by the above decisions. The sole reason that the government seeks to introduce evidence of Mr. Tillman's prior convictions is for the improper purpose of suggesting that if he were convicted of other crimes, then he is, more likely than not, guilty of the instant offense. Therefore, the government is attempting to introduce evidence of a prior distribution of a

controlled substance charge to establish that the defendant has a propensity to commit such crimes.

The Fifth Circuit, in United States v. Yeagin, found that introducing evidence of the accused's prior drug conviction was improper because it "provided direct support for the one inference specifically forbidden by rule 404(b): that because [the accused] had committed a prior drug crime in the past, he had a bad character and a propensity to commit such crimes again." 927 F.2d 798, 803 (5th Cir. 1991). In Yeagin, the court rejected the government's "enigmatic" argument that the prior incidents were relevant to the accused's knowledge or state of mind and characterized the government's arguments that such evidence was necessary to refute the accused's defense of mere presence as "disingenuous." 927 F.2d at 802. Similarly, this Court should reject the government's request to introduce any of Mr. Tillman's prior conviction as totally nonbearing on his instant offense, and highly prejudicial.

There is nothing about Mr. Tillman's prior conviction, in 2002, that can lead the Court to conclude that he was a part, or formed any part of a plan, or design related to possession with intent to distribute heroin. The only explanation the government can produce for its intention to introduce this evidence must be to prejudice Mr. Tillman. United States v. James, 555 F.2d 992 (D.C. cir. 1977)(evidence of other crimes is not admissible "to show that, having once fallen into sin, a second slip is more likely. Only one condition is imposed on the proponent of such evidence: 'its probative virtues must outweigh its prejudicial proclivities' in order to satisfy the stricture of Rule 403") (citations omitted). In United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit recognized the prejudicial impact of allowing a jury to learn of the accused's

criminal record. Although deciding a severance issue, in language relevant here, the D.C. Circuit explained that the exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations... Such reliance by the trier of fact offends the 'long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice"' ...
770 F.2d at 116 (citations omitted).

    The Court in <u>Daniels</u> also expressed its extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence." 770 F.2d at 1118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities . . . and 'the naive assumption that prejudicial effects can be overcome by instructions to the jury' becomes more clearly than ever 'unmitigated fiction'"). Thus, even an instruction to the jury about the limited use for which the prior convictions might be introduced would not suffice to cure the prejudice and, therefore, the government should not be allowed to introduce evidence of this conviction.

    The defendant respectfully requests that this Court schedule a hearing to make a pretrial determination of the motion so that counsel can adequately prepare for trial.

    WHEREFORE, for the foregoing reasons, those which may appear in supplemental pleadings, which Mr. Tillman explicitly reserves the right to file, any which

appear at the requested hearing on this matter, and any others this Court deems just and proper, Mr. Tillman respectfully requests that the government be precluded from introducing evidence of his prior conviction at his trial.

Vincent Tillman
By Counsel

Respectfully submitted,

Billy L. Ponds
The Ponds Law Firm
Bar No. 379883
3218 O Street, N.W
Suite Two
Washington, D.C. 20007
(202) 333-2922

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Defendant's Motion to Preclude the Introduction of the Defendant's Prior Convictions was sent via facsimile and first class mail to Michael Liebman, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on the _____ day of October, 2006.

Michelle Anapol