```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA       :   No. 1:06-cr-172-EGS
                               :
        v.                     :
                               :
VINCENT E. TILLMAN,            :
        Defendant              :
```

Government's Memorandum in Opposition to Defendant's Motion for
<u>Timely Disclosure of Impeaching Evidence and Jencks Material</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant Vincent E. Tillman's motion for timely disclosure of impeaching evidence and Jencks material.  The government's opposition is based on the following arguments and authorities and such other arguments and authorities that may be relied upon at any hearing on defendant's motion.

<u>Defendant's Motion Violates Local Criminal Rule 16.1.</u>

As a preliminary matter, the government would note that the defendant has not complied with Local Criminal Rule 16.1, which provides:

> Defense counsel shall consult with the
> attorney for the United States prior to the
> first status conference in a criminal case
> and shall attempt to obtain voluntary
> discovery of all materials and information to
> which the defense may be entitled.  No
> discovery motion shall be heard unless it
> states that the defense counsel has
> previously requested . . . the information .
> . . from the attorney for the United States
> and that such attorney has not complied with
> the request.

Defendant's motion contains no recitation that the material requested has been sought from the undersigned Assistant U.S. Attorney, who is the assigned prosecutor in this matter. Nor has current defense counsel consulted with the assigned prosecutor regarding discovery matters.

While counsel for the defendant did fax a discovery letter to the undersigned on August 19, 2006, that letter does not seek three broad categories of information and materials set forth in the defendant's motion. Specifically, the motion seeks "the existence and identification of each occasion on which each witness has testified before any court, grand jury or other tribunal body or otherwise officially narrated in relation to the defendant, the investigation or the facts of this case"; and any and all investigation files compiled on each witness. The motion also seeks all such information, as well as other more standard Jencks Act - type and Giglio-type information,[1] with respect to any out-of-court declarant whose statements will be offered through the testimony of other witnesses.

### Defendant's Motion Is Overly Broad.

More substantively, the defendant's motion is overly broad, most notably with respect to the categories of information and materials set out above. The government knows of no authority,

---

[1] Giglio v. United States, 405 U.S. 150 (1972); 18 U.S.C. § 3500 (Jencks Act).

2

and defendant's motion cites to none, requiring the disclosure of "the existence and identification of each occasion on which each witness [or declarant] has testified"; or investigation files on witnesses and declarants. Although the government intends to disclose transcripts of the prior testimony of anticipated trial (and motions hearing) witnesses as part of its Jencks Act obligations, there is no basis for any earlier disclosure of such transcripts. In addition, caselaw authority specifically authorizes the government to withhold prior statements of non-testifying declarants, whose out-of-court statements will be offered through other witnesses or other evidence, unless disclosure of such statements is required under Brady v. Maryland, 373 U.S. 83 (1966). United States v. Williams-Davis, 391 U.S. App. D.C. 267, 289-90, 90 F.3d 490, 512-13 (1996), cert. denied, 519 U.S. 1129 (1997).[2]

### Defendant Seeks Premature Disclosure of Impeachment and Jencks Act Material.

Finally, defendant's motion would require the government to disclose all impeaching evidence and Jencks Act material at least seven days prior to the motions hearing. However, the government

---

[2] The government recognizes that Department of Justice policy sometimes requires disclosure to the defendant beyond what is specifically required by the Constitution or federal rule or statute. See U.S. Attorney's Manual § 9-5.001, ¶ C. The government, of course, will abide by DOJ policy, which is more restrictive than the information and materials sought in defendant's motion.

is only required to disclose impeachment information early enough to allow the defendant to use the material effectively in preparing and presenting his case.  United States v. Pollack, 175 U.S. App. D.C. 227, 236, 534 F.2d 964, 973 (1976), cert. denied, 429 U.S. 924 (1977).  In Pollack, the Court of Appeals upheld the government's disclosure of certain witness-impeaching information one day prior to trial and one day prior to opening statements. Id.  In this case, the government intends to disclose any information that merely rises to the level of witness-impeachment three days prior to the hearing (or, for that matter, the trial).

As for Jencks Act material, it is well established that those prior statements of government witnesses which do not rise to the level of Brady/Giglio material need not be disclosed by the government until after the particular witness has testified on direct examination.  United States v. Morrow, 412 F. Supp. 2d 146, 158 (D.D.C. 2006); United States v. Trie, 21 F. Supp. 2d 7, 24 (D.D.C. 1998); 18 U.S.C. § 3500(a), (b); Fed. R. Cr. P. 26.2(a).  The government, of course, recognizes that strict adherence to that principle could cause unnecessary delay as the defendant would be entitled to a recess to examine the statements, see Fed. R. Cr. P. 26.2(d).  Accordingly, the government intends to disclose such Jencks Act statements no later than the business day immediately prior to when the particular witness is expected to testify.

<u>Conclusion</u>

The defendant's motion should be denied.

                          Respectfully submitted,
                          JEFFREY A. TAYLOR
                          United States Attorney


by: _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov