UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 06-CR-172(EGS) |
| v. : | Judge Sullivan |
| : | Motions Hearing: December 15, 2006 |
| VINCENT TILLMAN, : | |
| : | |
| Defendant. : | |

==================================

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO PERMIT IMPEACHMENT OF DEFENDANT WITH EVIDENCE OF PRIOR CONVICTION

VINCENT TILLMAN, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits the Defendant's Opposition to the Government's Motion to Permit Impeachment of Defendant With Evidence of Prior Conviction and moves this Court for an Order prohibiting the government from using his prior convictions to impeach him should he testify at trial. In the alternative, Mr. Tillman requests that the Court prohibit the government from eliciting the specific offenses for which Mr. Tillman was convicted, but rather elicit only the fact of the prior convictions, since it is the fact of the convictions, and not the offenses themselves, which arguably bear upon Mr. Tillman's veracity. In support thereof, the defendant states as follows:

The government has requested that the Court permit impeachment of the defendant with evidence of his prior conviction if he intends to testify at his trial. The government asserts that central issue for the jury to deliberate is whether the defendant constructively possessed the firearm, ammunition and the heroin hidden behind the passenger seat and that any testimony from the defendant that he did not know that the contraband was in the vehicle could be persuasive. Consequently, the government

contends that the jury should be permitted to consider the defendant's prior conviction for distribution of heroin. (government's motion at p. 4). The government further asserts that information about the defendant's prior conviction will be offered into evidence in its case in chief to establish the elements of count one of the indictment, unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. (government's motion at p.5).

The defense opposes the government's request for the reason set forth below.

## ARGUMENT

Federal Rule of Evidence 609 provides, inter alia, that "evidence that an accused has been convicted of ... a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused." Federal Rule of Evidence 609(a)(1). The Rule also provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Federal Rule of Evidence 609(a)(2). Under Rule 609(a)(1) "the prosecution must show that the probative value of a prior conviction outweighs the prejudice to the defendant." *United States v. Lipscomb*, 702 F.2d 1049, 1055 (D.C. Cir. 1983). In this case, the government cannot make the requisite showing with respect to Mr. Tillman's prior convictions.

In *United States v. Fearwell*, 595 F.2d 771 (D.C. Cir. 1978), the D.C. Circuit admonished,

> "Rule 609(a)(2) is to be construed narrowly; it is not carte blanche for admission on an undifferentiated basis of all previous convictions for purposes of impeachment; rather, precisely because it involves no discretion on the part of the trial court in the sense that all crimes meeting its stipulation of dishonesty or false

2

statement must be used for impeachment purposes, Rule 609(a)(2) must be confined ... to a 'narrow subset of crimes' -- those that bear <u>directly</u> upon the accused's propensity to testify truthfully."

595 F.2d at 777, *citing United States v. Smith*, 551 F.2d 348 (D.C. Cir. 1976). In Mr. Tillman's case, his convictions have no bearing upon his propensity to testify truthfully.

In *Smith* the D.C. Circuit explained that " [b]y the phrase 'dishonesty and false statement' the [Congressional Conference Committee] means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" 551 F.2d at 362, *citing* H.R. Conf. Rep. No. 93-1597, 93d Cong Sess. 9, <u>reprinted</u> <u>in</u> [1974] U.S.Code Cong. & Admin. News, pp. 7098, 7103. In *Smith* the Court noted that even an offense that does not <u>per se</u> bear on credibility may be used to impeach if "the prosecutor has first demonstrated to the court the underlying facts which warrant the dishonesty or false statement description. 551 F.2d at 364 n. 28. It is the government's burden to "produc[e] fact which demonstrat[e] that the particular conviction involved fraud or deceit." *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982), *citing United States v. Smith*, 551 F.2d at 364 n. 28. In Mr. Tillman's case the government has produced no information suggesting that the offenses for which he has been convicted involved fraud or deceit. The D.C. Circuit has held that the government the government bears "the burden of proof in establishing the admissibility of [a] prior conviction[]." *United States v. Crawford*, 613 F.2d 1045, 1053 (D.C. Cir. 1979) (citations omitted). In Mr. Tillman's case, the Court should not allow the government to impeach

3

him with his prior convictions absent an "inquiry into the nature and circumstances" of those convictions. 613 F.2d at 1053.

The government should also not be permitted to impeach Mr. Tillman with his 2000 drug conviction because it is so close in nature to the charges in this case. The fact that the offense involved in Mr. Tillman's 2000 conviction was a drug offense, like the charge in this case, makes it far more prejudicial than if it was a conviction for a non-drug offense. *United States v. Beahm*, 664 F.2d 414 (4th Cir. 1981). In *Beahm* the Fourth Circuit explained:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while unduly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

664 F.2d at 418-19, (footnote omitted) *citing United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025 (1976); *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967), *cert. denied*, 390 U.S. 1029 (1968) (Burger, J.).

Likewise, the Court of Appeals for this circuit has acknowledged that "a special and even more difficult problem arises [where the government proposes to impeach the accused with a] conviction for the same or substantially the same conduct for which [he] is on trial." *Gordon v. United States*, 383 F.2d at 940. In *Gordon* the D.C. Circuit stated that in such situations 'strong reasons arise for excluding [convictions] which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'" *Id.* In language instructive for Mr. Tillman's case, the Court in *Gordon* advised "as a general guide, those convictions which are for the

same crime should be admitted sparingly..." Id. As explained above, there are no strong reasons for allowing the government to impeach Mr. Tillman with his 2000 drug conviction.

Moreover, in deciding whether to preclude the government from impeaching Mr. Tillman with his prior convictions, this Court should consider the "important consideration" of "the effect ... if Mr. Tillman does not testify out of fear of being prejudiced because of impeachment by prior convictions. *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967), *cert. denied*, 390 U.S. 1029 (1968) (Burger, J.). As explained in *Gordon,* although this Court "might find that the prior conviction is relevant to credibility and the risk to Mr. Tillman does not warrant [its] exclusion, [it] may nevertheless conclude that it is more important that the jury have the benefit of Mr. Tillman's testimony] than to have [him] remain silent out of fear of impeachment." 383 F.2d at 940-41 (citations and footnote omitted). In *United States v. Daniels*, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit recognized the prejudicial impact of allowing a jury to learn of the accused's criminal record. Although deciding a severance issue, in language relevant here, the D.C. Circuit explained that:

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. ... That juries treat prior convictions as highly probative has been confirmed by empirical investigations... Such reliance by the trier of fact offends the 'long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice"'...

770 F.2d at 1116 (citations omitted).

The Court in *Daniels* also expressed its extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes

evidence." 770 F.2d at 1118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities ... and 'the naive assumption that prejudicial effects can be overcome by instructions to the jury' becomes more clearly than ever 'unmitigated fiction'"). Thus, instruction to the jury in Mr. Tillman's case about the limited use for which his prior convictions might be introduced would not suffice to cure the prejudice and therefore the government should not be allowed to impeach him by using his prior convictions. *United States v. Lipscomb*, 702 F.2d at 1062 ("[e]vidence that a witness is a convicted criminal can also seriously prejudice the defense, especially when the witness is the defendant himself. The jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the issue of overall guilt. But limiting instructions of this type require the jury to perform 'a mental gymnastic which is beyond, not only their power, but anybody else's ... 'The naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction'") (citations omitted).

   WHEREFORE, for the reasons stated herein, and any others which may appear to the Court at a hearing on this motion, Mr. Tillman respectfully requests that the government not be permitted to impeach him under Federal Rule of Evidence 609 with his prior convictions.

                                                  Vincent Tillman
                                                  By Counsel

Respectfully submitted,

Billy L. Ponds
The Ponds Law Firm
Bar No. 379883
3218 O Street, N.W
Suite Two
Washington, D.C. 20007
(202) 333-2922

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the Defendant's Opposition to the Government's Motion to Permit Impeachment of Defendant With Evidence of Prior Conviction was sent via facsimile and first class mail to Michael Liebman, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on the 1st day of Nov., 2006.

Michelle Anapol