# EXHIBIT C

Case 1:06-cr-00172-EGS   Document 24-4   Filed 11/16/2006   Page 1 of 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,
: Docket No. CR-06-172
vs.

VINCENT TILLMAN,
: Washington, D.C.
Defendant.
: Tuesday, July 25, 2006
: 11:30 a.m.

TRANSCRIPT OF A HEARING
BEFORE THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:   STEVEN B. WASSERMAN, Esquire
                      MICHAEL LIEBMAN, Esquire
                      U.S. ATTORNEY'S OFFICE
                      555 Fourth Street, NW
                      Washington, DC 20001

For the Defendant:    TONY LENELL AXAM, Esquire
                      FEDERAL PUBLIC DEFENDER FOR D.C.
                      625 Indiana Avenue, NW
                      Suite 550
                      Washington, DC 20004

                      HARRY TUN, Esquire

Court Reporter:       Elaine A. Merchant, RPR, CRR
                      Official Court Reporter
                      333 Constitution Avenue, NW
                      Room 6822
                      Washington, DC 20001
                      (202)289-1571

Proceedings recorded by machine shorthand, transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2           THE CLERK: Criminal Case 06-172, United States
 3   versus Vincent Tillman.
 4           Would counsel identify yourselves for the record.
 5           MR. WASSERMAN: Good morning, Your Honor. Steven
 6   Wasserman on behalf of the United States, along with AUSA
 7   Michael Liebman.
 8           MR. AXAM: Good morning, Your Honor. Tony Axam on
 9   behalf of Mr. Tillman, who I understand has private counsel
10   that would like to enter an appearance.
11           MR. TUN: May it please the Court. Good morning,
12   Your Honor. Harry Tun on behalf of Mr. Tillman. Your Honor,
13   I'm standing in for Mr. Billy Ponds, who unfortunately couldn't
14   be here because he's out of town.
15           THE COURT: He knows better than to waste everyone's
16   time.
17           MR. TUN: Your Honor, actually, I believe Mr. Ponds
18   was retained yesterday.
19           THE COURT: Why didn't somebody place a phone call to
20   the attorneys and me. We have other things to do.
21           MR. TUN: Your Honor, I'm so sorry.
22           THE COURT: When will we have the pleasure of having
23   his company before us?
24           MR. TUN: Mr. Ponds will be here August 9 or
25   August 10, Your Honor. Either day is fine.
```

```
1    THE COURT: Let me just inquire of government counsel
2    about those dates. The Court will be in session those dates.
3         Are either of those dates or both dates bad for
4    government counsel?
5    MR. WASSERMAN: Your Honor, actually, Mr. Liebman is
6    going to be taking this case over for me. I don't think he's
7    filed a notice of appearance yet, but I imagine he'll do that.
8    MR. LEIBMAN: I'll be filing that shortly, Your
9    Honor. The 8th and 9th are fine with me. The 10th is a
10   problem.
11   MR. TUN: Your Honor, may I ask for August 9?
12   THE COURT: 11:15, how is that, a bad time?
13   MR. TUN: That's fine, Your Honor.
14   MR. WASSERMAN: Fine with the government.
15   THE COURT: 11:15 on the 9th.
16   MR. TUN: Thanks so much. I'm so sorry, Your Honor.
17   THE COURT: Well, a simple telephone call to everyone
18   would have accommodated everyone. These attorneys have other
19   matters to work on. The Court certainly has other matters to
20   work on.
21   MR. TUN: Perhaps Mr. Ponds thought that if one body
22   is here, it would be better than placing a phone call.
23   THE COURT: I'm sorry?
24   MR. TUN: He probably thought that if I'm here and
25   representing on his behalf, it might be better.
```

```
 1            THE COURT:  But you can't represent him.  He didn't
 2   retain you, right?
 3            MR. TUN:  No, I cannot represent Mr. Tillman, Your
 4   Honor.  I have a different client who was a passenger in this
 5   car.
 6            THE COURT:  So you're conflicted out?
 7            MR. TUN:  Yeah.
 8            THE COURT:  Well, how can you even appear today on
 9   his behalf?
10            MR. TUN:  I'm just standing in.
11            THE COURT:  There's no such thing as just standing
12   in.  Mr. Ponds is the attorney.  If you're conflicted out, how
13   can you even stand here in court on his behalf?
14            MR. TUN:  I'm not doing anything substantive.  Mr.
15   Ponds will be here on August 9, Your Honor.
16            THE COURT:  Do you understand what's going on?
17            THE DEFENDANT:  Not really.
18            THE COURT:  Well, don't feel bad.  I don't either.
19   You retained Mr. Ponds, right?
20            THE DEFENDANT:  My family retained him.
21            THE COURT:  Do you know this gentleman?
22            THE DEFENDANT:  Yes.
23            THE COURT:  Well, he has a conflict.  He can't even
24   represent you.  So that's why I raised the question, how can
25   you even stand here in court on behalf of Mr. Ponds.  He can't
```

```
 1   represent you because of someone else he represents.
 2           Have you had any discussions with this gentleman this
 3   morning?
 4           THE DEFENDANT: Since I've been at CTF I haven't had
 5   contact with my family or anyone because I haven't submitted a
 6   list.
 7           THE COURT: Well, Mr. Ponds isn't here.
 8           Where is he?
 9           MR. TUN: He's out of town, Your Honor.
10           THE COURT: Did you know he wouldn't be here today?
11           THE DEFENDANT: No, I had no idea.
12           THE COURT: And he's retained, your family paid him
13   some money, I assume?
14           THE DEFENDANT: I haven't talked to anyone.
15           THE COURT: Your family retained him?
16           THE DEFENDANT: Yes.
17           THE COURT: Is your family in court today?
18           Do you understand what's going on?
19           Don't feel bad if you don't.
20           Mr. Ponds should have been here though. And you know
21   you can't represent him. You can't stand in for this man if
22   you have a conflict, counsel. You've been around long enough
23   to know that.
24           MR. TUN: I know, Your Honor, but for just standing
25   in perhaps it will be all right because I'm not talking about
```

1   the substantive matters.

2   THE COURT: It's just the appearance though, the
3   appearance of impropriety.

4   Have you had any discussions with this gentleman
5   about his case?

6   THE DEFENDANT: No, Your Honor. I just told him that
7   Mr. Ponds wanted the case continued and that he would be filing
8   the appropriate motion.

9   THE COURT: Did Mr. Ponds have any discussions with
10  you about this gentleman's case?

11  MR. TUN: No, Your Honor. Nor I have with him.

12  THE COURT: What would you like for me to do? Would
13  you like me to appoint someone to represent you who doesn't
14  have any conflicts? I mean, someone outstanding.

15  THE DEFENDANT: If it's not going to alter my release
16  conditions.

17  THE COURT: I can't make any promises about anything.
18  I'm just asking you what would you like for me to do? Would
19  you like for me to appoint an attorney to represent you? If
20  you want Mr. Ponds, that's your choice. The Supreme Court has
21  said if that's who you want, that's who you get. I'm just
22  raising a question.

23  I feel uncomfortable with an attorney standing before
24  me who is standing in on behalf of an attorney that your family
25  has retained, presumably paid money to and the attorney tells

1  me, oh, I'm not representing him, but of course he is because
2  he's standing in on your behalf, because he has a conflict.
3  And that causes me some problems. I don't know who he
4  represents, I don't know why he's conflicted out. I don't need
5  to know.
6         You want an attorney who can focus his or her
7  undivided attention on you, right? If you want me to appoint
8  someone else to represent you, I'll be happy to do so. What
9  would you like for me to do? You're kind of in an awkward
10 position because you don't want Mr. Axam representing you,
11 right?
12        THE DEFENDANT: We got off to a bad start. What it
13 is is like I'm just finding out everything right now.
14        THE COURT: Don't feel bad about that. So am I. But
15 I'm reacting to it and I'm trying to react to it in a way that
16 you understand how serious this is.
17        THE DEFENDANT: It's very serious.
18        THE COURT: It is serious, right, that's right.
19        Would you like for me to appoint someone to represent
20 you?
21        THE DEFENDANT: Today?
22        THE COURT: If I appoint someone to represent you, I
23 can put in place that person today, but probably nothing is
24 going to take place today. That person might have to get up to
25 speed with regards to your case. But it's your call, it's your

1   decision. If you would like for me to, I know excellent
2   lawyers I can appoint who don't have any conflicts at all. I'm
3   not suggesting Mr. Ponds does.
4           THE DEFENDANT: I don't know what my family did as
5   far as retaining.
6           THE COURT: Let me ask you this.
7           Did Mr. Ponds ask you whether or not you had any
8   conflicts, whether or not you could stand in on behalf of his
9   client?
10          MR. TUN: Your Honor, I just came here to notify the
11  Court that --
12          THE COURT: Just respond to my question. Did he ask
13  you about that? Did you tell him you had a conflict
14  representing this man?
15          MR. TUN: Mr. --
16          THE COURT: Just answer my question.
17          MR. TUN: Did I tell him?
18          THE COURT: Did you tell Mr. Ponds you had a
19  conflict? Did you say, Billy, I can't stand here, I represent
20  so and so, I can't do that?
21          MR. TUN: I did not say that, Your Honor.
22          THE COURT: How did you know you had a conflict?
23          MR. TUN: Because I represented Mr. Tillman's wife in
24  Grand Jury who claimed spousal privilege.
25          THE COURT: What do you want me to do? Do you want

```
 1   me to appoint someone who doesn't have any conflict? Do you
 2   want to think about it? Do you want to talk to Mr. Axam for a
 3   few minutes? Would you like to talk to Mr. Axam for a few
 4   minutes?
 5            I think what I'm going to do, to make it easier for
 6   you, based upon everything I'm hearing, I need to have a
 7   certain comfort level to make sure that your rights are being
 8   protected, so I'm going to appoint someone to advise you at
 9   least as to what you should do, because I don't like what I'm
10   hearing.
11            Did you know Mr. Tun had represented your wife?
12            THE DEFENDANT: Yes. I'm just hearing everything
13   right here.
14            THE COURT: I don't know whether your interests are
15   conflicted out or compatible, I don't know.
16            MR. TUN: Your Honor, Mr. Tillman knew that I
17   represented his wife, because he brought Mrs. Tillman to my
18   office.
19            THE COURT: Is your wife in court today?
20            MR. TUN: She's here.
21            THE COURT: I don't like the way this sounds. I
22   think what I should do is appoint someone to talk to you.
23            THE DEFENDANT: Your Honor, last week I think
24   Mr. Axam was ready to do my hearing. And I don't know if he's
25   ready to do it today, but I really want to get my hearing done.
```

1  THE COURT: That's your bond review motion, is that
2  right?
3  THE DEFENDANT: Yes.
4  THE COURT: There are things that are more important.
5  You have to have a certain comfort in the lawyer who is
6  representing you. And you told me last week you didn't want
7  Mr. Axam before the hearing even started. That's my
8  recollection.
9  THE DEFENDANT: If I'm going to have to wait on a
10 lawyer to get familiar with the case, I might as well just wait
11 on Mr. Ponds.
12 It's not going to happen before the 9th?
13 THE COURT: So you don't want me to appoint someone
14 else who is not conflicted out? I'm not suggesting Mr. Ponds
15 should, but he should have inquired. Before he asked someone
16 to stand in I think he had an obligation to his client to
17 inquire as to whether or not the attorney standing in has any
18 conflicts, I think.
19 THE DEFENDANT: I don't know what's going on. I
20 can't contact my family. I don't have a phone over at CTF to
21 call my wife. This is her first time hearing from me or
22 talking to me or seeing me.
23 THE COURT: All right. I'm raising issues that are
24 fairly complicated and sophisticated. You're in an awkward
25 position right now where you have an attorney, Mr. Axam, and

```
 1   you told me last week you wanted to retain Mr. Ponds. And
 2   Mr. Ponds had stand-in for him, an attorney who is conflicted
 3   out. I think at the very least I should make available to you
 4   someone other than Mr. Axam, Mr. Ponds and Mr. Tun to talk to
 5   you about these attorney decisions, to help you make a decision
 6   as to what's in your best interest, if you would like that. If
 7   you don't want that, I won't do it.
 8            THE DEFENDANT: I don't know what the retainer is. I
 9   don't know what they gave him. I don't know if they'll be
10   refunded or anything.
11            THE COURT: That's probably all the more reason why
12   you need to maybe have someone that you can have some
13   confidence in, who can't represent you other than to advise you
14   as to what you should probably do under these circumstances.
15            Do you understand what I'm saying?
16            THE DEFENDANT: Well, you know best.
17            THE COURT: If you would like for me to make someone
18   available to you to talk to you, I will be happy to do that.
19   It should probably be someone other than Mr. Axam, Mr. Tun and
20   Mr. Ponds. These are very important attorney-client issues
21   that come up and they come up solely as a result of me asking
22   questions.
23            But you're astute enough to realize that you don't
24   understand what's going on. I understand that. It's
25   complicated. I really would feel comfortable if you want
```

```
 1   someone to talk to who doesn't have an interest in this case
 2   who can just talk to you about attorneys and give some advice.
 3              THE DEFENDANT:  Can I sit down, please?
 4              THE COURT:  Yeah, sure.
 5         Do you want someone to talk to?
 6              THE DEFENDANT:  I don't know what's going on.
 7              THE COURT:  All right.  I'm going to appoint someone.
 8   You can talk to the person or not talk to the person, all
 9   right?  Those are very good questions that you raise.  You told
10   me I don't know what's going on, I don't know whether the
11   retainer is refundable, I don't know how much money my family
12   gave.
13              You should be concerned if an attorney standing in on
14   your behalf is conflicted out.  The attorney tells me he has a
15   conflict.  He shouldn't be here.  Mr. Ponds should have
16   inquired of the attorney, I believe, as to whether the attorney
17   was conflicted out, whether the attorney could represent you.
18   This stand-in business is more than just someone standing at a
19   microphone and being a parrot.  If an attorney standing up
20   there is your advocate on your behalf and is going to fight for
21   you, he shouldn't have any conflicts.  So I'm going to appoint
22   someone to talk to you and hopefully get the person over today
23   to talk to you.  If not, the person will come to CTF, all
24   right?  Okay?  It doesn't cost you anything.
25              THE DEFENDANT:  What will happen with the retainer?
```

1  THE COURT: I don't know. That attorney can talk to
2  you about that. I can't get into that. I don't know.
3  THE DEFENDANT: Billy Ponds basically would be my
4  attorney at that point?
5  THE COURT: What's that?
6  THE DEFENDANT: He would be my attorney at that
7  point?
8  THE COURT: Do you know what, I'm going to appoint
9  someone to represent you, and then you can choose to fire that
10 person if you want to, all right?
11 THE DEFENDANT: I don't want to waste anyone else's
12 time. I haven't had a chance to talk to anyone, so I don't
13 know what he talked about with my family. I don't know if I
14 make a decision now, would that hurt me.
15 THE COURT: I don't know. But because you're in this
16 awkward position, I think it's well within my authority to
17 appoint someone to represent you and advocate for your best
18 interest and to talk to you, and I'm going to do that. And I'm
19 going to schedule another status hearing. If you tell me at
20 that time, Judge, I don't want this other person you appointed,
21 I want Mr. Ponds, that's fine. At least you will have made an
22 intelligent decision after speaking with someone who has no
23 interest, you know, is not conflicted out, all right?
24 THE DEFENDANT: So what about the 9th?
25 THE COURT: The 9th? We can keep that date. I'll

```
 1    get someone over to talk to you. And you may want the attorney
 2    who I appoint, I don't know. I'm just doing this because this
 3    is very complicated now. And you're asking very intelligent
 4    questions. So I'll appoint someone to represent you today.
 5    And we'll talk again on the 9th.
 6              Do you have any other questions?
 7              THE DEFENDANT: I feel light-headed.
 8              THE COURT: Do you want to see the nurse?
 9              Call the nurse, Carol.
10              We'll get a nurse up to talk to you.
11              All right. The parties are excused.
12              MR. TUN: May I tell Mr. Ponds to be here the 9th,
13    Your Honor?
14              THE COURT: I guess so. If he's presumably been
15    retained, he should be. We'll determine who the attorney is on
16    that day.
17              All right. Thank you.
18              (The hearing concluded at 11:45 a.m.)
19
20
21
22
23
24
25
```

```
 1              CERTIFICATE OF REPORTER
 2       I certify that the foregoing is a correct transcript
 3   from the record of proceedings in the above-entitled matter.
 4
 5                    _____
 6                    ELAINE A. MERCHANT, RPR, CRR
 7                    Official Court Reporter
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```