UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | No. 1:06-cr-172-EGS |
| v.   ) | |
| ) | |
| **VINCENT E. TILLMAN,**   ) | |
| ) | |
| Defendant.   ) | |

Government's Opposition To Defendant's Motion To Modify His
Conditions Of Release And To Defendant's Motion For A Hearing

    The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant Vincent E. Tillman's motion to modify his conditions of release and subsequent motion for a hearing on the motion to modify.

## Background

    Defendant Tillman has been charged in a three-count superseding indictment with being a felon in possession of a firearm (count one), possession with intent to distribute 100 grams or more of heroin (count two), and use of a firearm during the commission of a drug trafficking offense (count three). The indictment alleges that the offenses occurred on or about March 6, 2006. The defendant has pled not guilty.

    The defendant was arrested for the incident involved in this case on March 6, 2006. On the following day, a complaint was filed in D.C. Superior Court charging him with possession with intent to distribute cocaine while armed, in violation of D.C.

law. At his initial appearance on the complaint, the defendant was ordered held because the offense had been committed while he was on probation for a 2002 conviction, also in D.C. Superior Court, for distribution of cocaine.

The hold was lifted in the case on March 14, 2006, and the case itself was later dismissed on April 7, 2006. The Court Services and Offender Supervision Agency for the District of Columbia (CSOSA) did not report the new arrest to the judge overseeing the probation matter until April 19, 2006, at which point they advised the case had been dismissed and therefore recommended no action be taken.

The defendant was then indicted in district court for the March 6 incident on June 15, 2006, and the superseding indictment was returned on June 27, 2006. On June 28, 2006, he appeared before this Court for an initial appearance and an arraignment. Prior to arraigning the defendant, the Court consulted by telephone with a CSOSA representative, who advised that in light of the fact that a federal indictment was pending against the defendant-- notwithstanding that it pertained to the same incident for which Superior Court charges had previously been brought and dismissed --CSOSA would "definitely recommend revocation of probation" and also recommend that he be detained. Transcript of June 28, 2006, at 13-15 (attached as Exhibit A to defendant's motion requesting a hearing). CSOSA also advised

that they would be requesting a "violation warrant," which, according to the Pretrial Services Agency representative, made the defendant ineligible for PSA's heightened supervision program.  Id. at 16.

The defendant was then arraigned, immediately following which he argued, through his then-counsel, for release pending trial.  The Court denied release and ordered the defendant held without bond.

On July 11, 2006, the defendant filed a motion to modify his conditions of release.  When he was next before this Court, however, on July 12, 2006, it was determined that the defendant wanted new counsel, and no action was taken on the motion.  At a status hearing on July 25, 2006, it was determined that the defendant had retained new counsel, but that his counsel was not available.  Once again, no action was taken on the July 11 motion to modify conditions of release.

The case was next before the Court on October 18, 2006, and the defendant appeared with current counsel.[1]  The defendant again argued for release pending trial.  The Court, however, believed it had already denied a motion for release made through prior counsel, but ruled that current counsel could review the

---

[1] The defendant had his first appearance before the judge overseeing his probation matter on August 11, 2006, where he was held in lieu of a $500 bond, which he has not yet made.  A hearing in that case is currently set for February 9, 2007.

transcripts of the prior proceedings in order to determine whether a ruling had been made.

## Argument

In defendant's recent motion for a hearing on his motion to modify the conditions of his release, counsel asserts that the Court has not ruled on the underlying motion to modify conditions.  While it is technically accurate that the Court has not ruled on the July 11 written motion, this Court did deny prior counsel's oral motion for the defendant's release, made during the proceedings on June 28.  Moreover, at the status hearing on July 12, then-counsel for the defendant properly described his July 11 written motion as merely being a motion to reconsider the conditions of the defendant's release.  <u>See</u> Transcript of July 12, 2006, at 4 (attached as Exhibit B to defendant's motion requesting hearing).

In his argument for release on June 28, then-counsel relied on the fact that the defendant had been employed with the Department of Public Works and was then working for M.V. Transportation Company, training to be a transit operator.  He also asserted that the defendant was in compliance with his conditions of probation.  In his July 11 written motion, he repeated these arguments and added that (1) the defendant, although on release, appeared for a hearing in Superior Court on April 7, when this case was pending as a Superior Court matter;

(2) the defendant's probation officer has not sought to institute revocation proceedings, that aside from the March 6 arrest, the officer reports that the defendant is in full compliance with his conditions, and that the officer does not intend to request revocation until final resolution of the case before this Court; and (3) the defendant is a life-long resident of the D.C. area who resides with his wife, mother and stepfather, at the address listed in the PSA report.

In the motion requesting a hearing, filed by current counsel, counsel adds only that the defendant is eligible for heightened supervision, based on an oral statement of the Pretrial Services Officer on June 28.

These arguments are meritless.

As a starting matter, pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption, based on the charges in this case and the fact that an indictment has been returned, that the defendant be detained pending trial.  More specifically, there is a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure both the appearance of the defendant in court as required and the safety of the community.  In this case, the presumption arises based on count 2 of the superseding indictment in which the defendant is charged with a Controlled Substances Act violation for which the maximum prison term is ten years or more, see 21 U.S.C. §

841(a)(1), (b)(1)(B)(I) (providing for a maximum penalty of 40 years in prison), and based on count 3 as well, where he is charged under 18 U.S.C. § 924(c). See United States v. Smith, 316 U.S. App. D.C. 408, 410, 79 F.3d 1208, 1210 (1996) (per curiam). Once the presumption is found to apply, the burden is on the defendant to produce some credible evidence to the contrary, i.e., evidence that he is not a flight risk and not a danger to the community. United States v. Altishe, 247 U.S. App. D.C. 247, 254, 768 F.2d 364, 371 (1985).

In this case, the defendant has submitted almost nothing to rebut dangerousness. Family ties and steady employment go only to likelihood to appear. If release he would still be able to engage in drug trafficking activity, and thus be a danger to the community, while still appearing in court as required. See United States v. McDonald, 232 F. Supp. 186, 187 (D.D.C. 2002) (holding that to say that the defendants have steady employment and substantial ties to the community "is a non sequitur" to the issue of dangerousness).

Although the defendant's general compliance with the conditions of his probation arguably goes to both dangerousness and flight risk, it is hardly persuasive. First, the mere fact that the defendant was on probation when he committed and was arrested for these offenses, regardless of the fact that he was otherwise in compliance, is a factor weighing in favor of

detention.  See United States v. Floyd, 11 F. Supp. 2d 39, 41 (D.D.C.), aff'd per curiam, 335 U.S. App. D.C. 320, 172 F.3d 921 (D.C. Cir. 1999) (unpublished); 18 U.S.C. § 3142(g)(3)(B).  Second, in this case, the defendant was not only on probation when he committed these offenses on March 6, 2006, but when he committed the offense for which he was on probation, back on October 9, 2000, he was also on probation for a still earlier conviction for possession of marijuana.[2]  In this respect, the defendant is quite similar to the defendant in Floyd, who was ordered detained pending trial after the court, per Judge Lamberth, noted he had been on probation when he committed (based on probable cause) the pending charge, and had committed the offense for which he was on probation while on pretrial release in an earlier case.  See Floyd, 11 F. Supp. 2d at 41 ("'Clearly, the contempt the defendant showed for the conditions of his probation . . . renders it highly unlikely that he would comply with the conditions to be imposed if he were released in this matter, including the central condition that he commit no new offense.'").

  Finally, the defendant puts too much stock in the statement of the Pretrial Services Officer to the Court, back on June 28,

---

  [2]The defendant's probation was revoked in the marijuana case on July 26, 2002, and he was ordered to serve 60 days in jail, concurrent with any other sentence.  (United States of America v. Vincent Tillman, 200-CMD-5553 (D.C. Super. Ct.)).

2006, that the defendant would not be eligible for the heightened supervision program (HSP) if he were facing an arrest warrant in his probation case.  See Transcript of June 28, 2006, at 16.  While it is true that no warrant was issued in the defendant's probation case, that is only because he was already in custody in this matter when CSOSA alerted the Superior Court judge overseeing the defendant's probation about the new charges.  The defendant is still facing a probation revocation hearing, now scheduled for February 9, 2007.  The PSA Officer who advised the Court about defendant's HSP eligibility back on June 28, recently advised the undersigned assistant U.S. attorney that the pendency of that hearing also renders the defendant ineligible for HSP.

## Conclusion

The defendants' motion for a hearing and motion to modify his conditions of release should be denied.  A draft order is attached.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

                                    /s/
        by: _____
                          Michael C. Liebman
                          Assistant United States Attorney
                          D.C. Bar No. 479562
                          555 Fourth Street, N.W., room 4231
                          Washington, D.C.  20530
                          353-2385
                          michael.liebman@usdoj.gov