UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>VINCENT E. TILLMAN, )<br>)<br>Defendant. )<br>) | Criminal No. 05-23 (EGS) |

**ORDER**

Pursuant to the status hearing held on January 24, 2007, it is by the Court hereby

**ORDERED** that a motions hearing will be held on **Tuesday, March 13, 2007 at 10:30 a.m.**; and it is

**FURTHER ORDERED** that jury selection and trial is scheduled to commence on **Wednesday, March 14, 2007 at 9:00 a.m.** in Courtroom 24A; and it is

**FURTHER ORDERED** that the parties are directed to review the jury voir dire questions attached hereto, and confer in good faith in an effort to submit a joint list of any **additional** voir dire questions the parties wish to propose. Questions shall be submitted via email to **sullivan_chambers@dcd.uscourts.gov** in Word Perfect, not PDF format, by no later than **Tuesday, March 13, 2007 at 5:00 p.m.** If counsel are unable to agree on a joint list of additional voir dire questions, counsel shall file individual

1

lists of additional voir dire questions via email in Word Perfect, not PDF format, by no later than **Tuesday, March 13, 2007 at 5:00 p.m.**; and it is

**FURTHER ORDERED** that the parties are directed to confer in good faith in an effort to submit a joint, concise, neutral statement of the case to the Court via email in Word Perfect, not PDF format, by no later than **Wednesday, March 14, 2007 at 8:00 a.m.** If counsel are unable to agree on a statement of the case, counsel shall file individual proposed statements of facts, including a preliminary jury instruction regarding the defendant's theory of the case, via email in Word Perfect, not PDF format, by no later than **Wednesday, March 14, 2007 at 8:00 a.m.**; and it is

**FURTHER ORDERED** that the parties are directed to confer in good faith in an effort to submit a joint list of proposed jury instructions, **including the full text of the instructions tailored to the instant case**, to the Court via email in Word Perfect, not PDF format, by no later than **Wednesday, March 14, 2007 at 8:00 a.m.** If counsel are unable to agree on a joint list of proposed jury instructions, counsel shall file individual proposed jury instructions via email in Word Perfect, not PDF format, by no later than **Wednesday, March 14, 2007 at 8:00 a.m.**

    SO ORDERED.

Signed:   Emmet G. Sullivan
           United States District Judge
           March 9, 2007

VOIR DIRE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA                    AUSA:    Michael Liebman

v.

VINCENT E. TILLMAN                          Counsel:  Billy Ponds

This is a criminal case entitled United States v. Tillman. The Defendant is charged with the offenses of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, unlawful possession with intent to distribute 100 grams or more of heroin, and using, carrying and possessing a firearm during a drug trafficking offense, which are alleged to have occurred on March 6, 2006, at approximately 10:00 P.M., in the 1100 block of 11th Street, S.E. The Government is represented by AUSA Michael Liebman (stand), and Defendant is represented by Billy Ponds (stand). The Defendant's full name is Vincent Edward Tillman (stand).

PROPOSED VOIR DIRE QUESTIONS

1. Have any of you heard about the alleged offenses that are charged in this case?

2. Do any of you live or work near the immediate area where the offenses are alleged to have occurred?

3. Do any of you know any of the attorneys or the Defendant in this case?

4. [The Government will then introduce its witnesses followed by the Defendant introducing its witnesses. Police witnesses will be identified by their name, rank, and duty assignment. Lay witnesses by their name, address, and place of employment. Expert

witnesses by their name, title, and place of employment.] Do any of you know any of the witnesses that have just been introduced to you?

The next several questions apply to each of you, members of your immediate family, and close friends.

5. Is anyone in that group either presently or previously employed by any law enforcement agency? Law enforcement agency includes any police department, in or outside the District, special police officers, prosecutors' offices, Park Police, FBI, Department of Justice, Sheriffs' Departments, Secret Service or any other law enforcement agency.

6. Is any member of that group a lawyer or has any member of that group studied law in a law school?

7. Has any member of that group within the past ten years, been either a victim of, or a witness to, any crime similar to the crimes charged, or either been arrested, charged with a crime, or convicted of any crime?

8. (If police testimony expected) I will be instructing the jury at the end of the trial that the testimony of a police officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because the witness is a police officer. Do any of you have such strong feelings about the police, either positive or negative, that you would have difficulty following that instruction?

9. Would the nature of the charges, themselves, make it difficult for you to render a fair and impartial judgment in this case?

10. Is there anyone who feels that the defendant has to testify or present evidence before you could find him not guilty?

11. If selected as a juror, would anyone have difficulty accepting and applying the rule of law that the defendant is presumed innocent unless the government proves guilt beyond a reasonable doubt?

12. Does the fact that the defendant has been indicted and arrested make it difficult for anyone to presume he is innocent?

13. Does any panel member have such strong moral or religious convictions that it would prevent you from passing judgment on another person?

14. Is there anyone suffering from any sight, hearing, or health problems that would make it difficult for you to give your full time and attention to this trial, and render a fair and impartial verdict?

15. Has any panel member ever served as a juror in the trial of a criminal case in federal court, a District of Columbia Court, or in a court located in another state?

16. Is there any other reason we have not discussed that may prevent you from giving this trial your full time and attention and rendering a fair and impartial decision?

17. I expect this case to take approximately __2 days__ to try. Does anyone have any pressing commitment that would make sitting on this jury an extreme hardship? Does anyone, due to health problems, or medication or the like, feel that they cannot

sit attentively as a juror? Is there any reason that you can think of, whether or not it has been covered by a previous question, including religious, political, or moral reasons, why you could not sit fairly, attentively, or impartially as a juror in this case?

## NARCOTICS CASES

18. This case involves allegations of possession (and/or sale) of narcotics. Do any of you have such strong feelings about drugs or drug dealing that you would have difficulty fairly deciding the facts in this case?

## FIREARMS CASES

19. This case involves allegations of possession of a firearm and ammunition. Do any of you have such strong feelings about guns that you would have difficulty fairly deciding the facts in this case?