UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 06-CR-172(EGS) |
| v. | : | Trial: March 14, 2007 |
| VINCENT TILLMAN, | : | |
| Defendant. | : | |

## MOTION TO CONTINUE THE DEFENDANT'S TRIAL

VINCENT TILLMAN, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Motion to Continue the Defendant's Trial and respectfully requests that this Court enter an Order continuing the defendant's March 14, 2007 trial date. In support of this request, the defendant states as follows:

The defendant's arrest was based on the discovery of drugs and a weapon from his vehicle. These items were recovered from inside of the back panel of the passenger seat. The gun was found in the back panel inside of a ski cap.

During a conference with the defendant on Sunday, March 11, 2007, there were discussions as to whether genetic materials could be recovered from the ski cap. Prior to the above-referenced conference, counsel has met with the defendant on at least fourteen (14) previous occasions and there have never been any prior discussions about testing the ski cap for DNA. The ski cap that contained the gun may contain DNA evidence from body perspiration, hair fiber(s), or other genetic material. After careful consideration, the defendant advised undersigned counsel that he would like to have the ski cap tested for DNA.

This late request to continue the trial is being made because the afore-mentioned issue was just recently considered. Generally, DNA testing is an examination performed in connection with homicide or sexually related offenses and is not typically conducted in cases involving possession with intent to distribute a controlled substance or possession of a handgun. However, since the gun was discovered inside of a ski cap it becomes highly probative to have the ski cap tested to determine if it contains DNA, specifically, the defendant's DNA. The defense submits that testing the ski cap for DNA is highly probative and relevant to the defense's theory of the case. Furthermore, the results of the DNA analysis may yield exculpatory evidence favorable to the defense. For this reason, the defense requests that the Court continue the March 14, 2007 trial date to provide the defense with the opportunity to have the ski cap tested for DNA.

Counsel for the defendant has been diligent in preparing for trial, including but not limited to, interviewing numerous witnesses, seven (7) of whom have been placed under subpoena for March 14, 2007. In addition to the afore-mentioned trial preparation, counsel retained the services of a fingerprint expert to re-examine the latent fingerprint evidence recovered in connection with this case that was analyzed by the government's fingerprint expert. The fingerprint expert for the defense reached the same conclusion as the government's expert, that the latent fingerprints were of no value. The defense submits that this request to continue the defendant's trial is neither frivolous nor dilatory but is crucial to the defendant's defense of the government's charges against the defendant.

Counsel has spoken to Assistant United States Attorney Michael Liebman who opposes this request to continue the defendant's trial.

In conclusion, the defendant respectfully requests that the Court continue the defendant's trial to provide the defense with the opportunity to have the ski cap tested for DNA.

WHEREFORE, the reasons stated herein, the defendant respectfully requests that this Court grant the Motion to Continue the Defendant's Trial.

Vincent Tillman
By Counsel

Respectfully submitted,

Billy L. Ponds
The Ponds Law Firm
Bar No. 379883
3218 O Street, N.W
Suite Two
Washington, D.C. 20007
(202) 333-2922

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy and complete copy of this Motion to Continue the Defendant's Trial was sent via facsimile and first class mail to Michael Liebman, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this 12th day of March, 2007.

Michelle Anapol