```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**       :   Criminal No:  06-cr-172-EGS
                                   :
       **v.**                        :
                                   :
**VINCENT E. TILLMAN,**            :
                                   :
       **Defendant.**               :
                                   :

<u>Government's Proposed Jury Instructions Concerning the Elements of Counts Two and Three, and Reasonable Doubt</u>

The United States of America, by and through the United States Attorney for the District of Columbia, submits the following proposed jury instructions concerning the elements of counts two and three of the indictment, and reasonable doubt.  It is the government's understanding that the defendant is opposed to all three proposed instructions.

<u>Instruction Concerning Elements of Count Two</u>

Count two of the indictment charges the defendant with possession of a controlled substance, specifically, 100 grams or more of heroin, with the intent to distribute it.  The essential elements of that offense, each of which the government must prove beyond a reasonable doubt, are:

(1) That the defendant possessed a controlled substance;

(2) That the defendant did so knowingly and intentionally.  This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently.

(3) That when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

The law makes heroin a controlled substance. You must decide whether the material was heroin. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed with intent to distribute a detectable amount of heroin.

The government is not required to prove that the defendant knew the precise type of controlled substance that he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he possessed some type of controlled substance.

If you find beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to distribute it, you should go on to determine whether the government has proven, beyond a reasonable doubt, that the possession with intent to distribute involved 100 grams or more of a quantity or substance that contained heroin. See id., Instr. No. 4.29.

Instruction Concerning Elements of Count Three

The charge in count three of the indictment is using, carrying and possessing a firearm during a drug trafficking offense. The elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

(1) That the defendant carried, used or possessed a firearm; and

(2) That he carried or used the firearm during and in relation to the drug trafficking offense charged in count two of the indictment, or possessed the firearm in furtherance of the drug trafficking offense charged in Count Two of the indictment.

Definition of "Firearm"

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action an explosive. [Authority: 18 U.S.C. § 921(a)(3)].

The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. [Authority: United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, 510 U.S. 848 (1993); United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989)].

Definition of "Carry"

The term "carry" means to bear on one's person. In addition, the word "carry" applies to a person who knowingly

possesses and conveys a firearm in any location within a vehicle which the person accompanies.  A person carries a firearm in a vehicle which the person accompanies.  A person carries a firearm in a vehicle when the person knowingly possesses the firearm in any location in a vehicle which the person accompanies, regardless whether the person bears the firearm on the person.  [Authority:  <u>Muscarello v. United States</u>, 524 U.S. 125 (1998); <u>United States v. Joseph</u>, 335 U.S. App. D.C. 93, 97, 169 F.3d 9, 13, <u>cert. denied</u>, 528 U.S. 914 (1999); <u>United States v. Toms</u>, 329 U.S. App. D.C. 33, 38, 136 F.3d 176, 181 (1998)].

### Definition of "in Relation to"

The phrase "in relation to" means that there must be some relation between the firearm and the underlying offense.  The firearm must have some purpose or effect with respect to the drug trafficking crime, such as when the gun is carried to protect drugs.  In short, a firearm is used "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime.  You may infer that the use of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so.  [Authority:  <u>Smith v. United States</u>, 508 U.S. 223, 238 (1993); <u>United States v. Harris</u>, 294 U.S. App. D.C. 300, 315, 959 F.2d 246, 261, <u>cert. denied</u>, 506 U.S. 932 (1992); <u>United States

<u>v. Evans</u>, 281 U.S. App. D.C. 194, 198, 888 F.2d 891, 895 (1989), <u>cert.</u> <u>denied</u>, 494 U.S. 1019 (1990)].

<u>Definition of "in Furtherance of"</u>

The phrase "in furtherance of" means the act of furthering, helping forward, promotion, advancement, or progress.  To show that the defendant possessed the firearm "in furtherance of" a drug trafficking offense, the Government must show that a firearm was possessed to advance or promote the commission of the underlying offense in Count Two of the indictment.  The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime.  Rather, the Government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity.  [Authority:  18 U.S.C. § 924 (c)(1); House Rep. No. 105-344, 105th Cong., 1st Sess. ___, (1997), <u>reprinted at</u> 1997 WL 668339, at *9.]

<u>Instruction Concerning Reasonable Doubt</u>

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases where you were told that it was only necessary to prove that a fact is more likely true than not true.  We call that the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that; it

must be beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very vew things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If based on your consideration of the evidence you're firmly convinced the defendant is guilty of the crime charged, it is your duty to find him guilty.  If on the other hand you think there is a real possibility that the defendant is not guilty, you must give him the benefit of a doubt and find him not guilty.  See United States v. Taylor, 302 U.S. App. D.C. 349, 354, 997 F.2d 1551, 1556 (1993).

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        UNITED STATES ATTORNEY

                                            /s/
by:     _____
         Michael C. Liebman
         Assistant United States Attorney
         D.C. Bar No. 479562
         555 Fourth Street, N.W., room 4231
         Washington, D.C.  20530
         353-2385
         michael.liebman@usdoj.gov