UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Crim. No. 06-172-EGS |
| : | |
| **v.** : | |
| : | |
| **VINCENT E. TILLMAN,** : | |
| : | |
| **Defendant.** : | |

Supplement to Government's Motion To Permit Use Of Other Crimes Evidence Pursuant to Rule 404(b)

The United States of America, by and through the United States Attorney for the District of Columbia, hereby supplements its motion to permit use of other crimes evidence, pursuant to rule 404(b) of the Federal Rules of Evidence, in light of the opening statement of counsel for the defendant.

Background

Defendant Tillman has been charged in a three-count superseding indictment with being a felon in possession of a firearm and ammunition (count one), possession with intent to distribute 100 grams or more of heroin (count two), and use of a firearm during the commission of a drug trafficking offense (count three), all occurring on March 6, 2006. The case is based on a traffic stop on that date that resulted in the seizure, from a hidden compartment in the back of the front passenger seat, of over 100 grams of heroin, a .40 caliber handgun, and 10 rounds of .40 caliber ammunition. The defendant was the registered owner of the vehicle and was the driver at the time of the stop. One

other person was in the vehicle, an adult female in the front passenger seat.

Trial began on March 14, 2007, with jury selection, opening statements by counsel for both parties, and direct examination testimony from the government's first witness.

Prior to trial, the government filed a timely motion to permit the government to offer proof of a prior incident of distribution of heroin by the defendant, specifically an incident that occurred on October 9, 2000.[1]  The motion was opposed by the defendant and the court has taken the matter under advisement.

The Court has suggested that it may be appropriate to allow the government to offer evidence of the 2000 incident only in rebuttal.  However, the cases are legion that the rule 404(b) evidence can be admissible in the government's case-in-chief based on the opening statements of defense counsel.  In his opening in this case, counsel for defendant Tillman repeatedly emphasized that the government would not be able to prove that the defendant knew there was heroin and a loaded gun in the car.

---

[1] The 2000 incident resulted in the defendant's conviction in Superior Court for distribution of heroin.  It is that conviction that provides the predicate prior felony for count one.  The parties have agreed to stipulate to the jury that the defendant was convicted of an unspecified qualifying predicate offense, prior to March 6, 2006.  The government does not intend to prove in its case-in-chief that the 2000 incident resulted in a conviction against the defendant.

That is the type of opening statement that permits the government to offer rule 404(b) evidence in its case-in-chief.

For example, <u>Garner v. United States</u>, 364 U.S. App. D.C. 408, 396 F.3d 438 (2005), involved an appeal by Robert D. Garner from a felon-in-possession conviction based on a gun recovered inside a car in which he was a front-seat passenger. <u>Id.</u> at 409, 396 F.3d at 439. On his appeal, Garner argued that the trial court erred by allowing the government, <u>in its case-in-chief</u>, to offer proof of an earlier act of gun possession by him. <u>Id.</u> at 414-15, 396 F.3d at 444-45. The Court of Appeals affirmed in part because "Garner put knowledge of the gun at issue from the start of the trial, when his counsel argued in his opening statement that '[t]he case against Mr. Garner is about being at the wrong place at the wrong time.'" <u>Id.</u>

Similarly, in <u>United States v. Cassell</u>, 352 U.S. App. D.C. 84, 292 F.3d 788 (2002), Dwayne Cassell, convicted of being a felon-in-possession and use of a firearm during a drug-trafficking offense, argued on appeal that the trial court erred by admitting, <u>in the government's case-in-chief</u>, evidence of two prior acts of firearm possession by him. <u>Id.</u> at 86-87, 292 F.3d at 790-791. The two firearms at issue in the trial had been recovered during execution of a search warrant at a residence where Cassell had been living. <u>Id.</u> at 86, 292 F.3d at 790. Present during the search was one Lawrence Hart, who was arrested

and eventually pled guilty to a weapons offense involving a third firearm recovered during the search. Id.

Prior to trial, the trial court had ruled the 404(b) evidence admissible only to link Cassell to a particular caliber of ammunition involved in the charged offenses or, for broader purposes, if Cassell asserted a "lack of knowledge defense." Id. (internal quotation marks omitted). When the trial began, counsel for Cassell asserted both during opening statement, and through cross-examination of government witnesses, that the two firearms Cassell had been charged with possessing belonged to Hart. Id. at 87, 292 F.3d at 791. The government thereafter asked the trial court to revisit its ruling, and the trial court ruled that "the cross-examination in this case so far clearly has left an impression with the jury that the defense is that the guns were not the defendant's." Id. (internal quotation marks and marks of alteration omitted). As a result, evidence of Cassell's prior acts of gun possession were ruled admissible for purposes beyond tying Cassell to certain ammunition, a ruling upheld on appeal. Id. at 86, 87, 292 F.3d at 790, 791.

Similar decisions can be found in the Second Circuit, United States v. Pitre, 960 F.2d 1112, 1117- (2d Cir. 1992) (in drug prosecution, upholding admission of prior narcotics transactions involving the defendants in the government's case-in-chief because "it is clear from the opening statements by the attorneys

for both [defendants] that they did not remove the issue of the [defendants'] intent or knowledge from the case"), the Seventh, <u>United States v. Schweihs</u>, 971 F.2d 1302, 1311-12 (7th Cir. 1992) (in extortion prosecution, upholding admission of earlier acts of extortion by the accused in government's case-in-chief, where defense attorney put issues of knowledge and intent in dispute in opening statement), and the Ninth, <u>United States v. Hooton</u>, 662 F.2d 628, 634-35 (9th Cir. 1981) (in prosecution for firearms dealing, upholding admission of earlier acts involving firearms sales by the accused, where defense counsel's opening statement presented the "collector" defense), <u>cert. denied</u>, 455 U.S. 1004 (1982).

    Accordingly, the defendant's prior act of heroin distribution in 2000 is admissible in the government's case-in-chief.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

                                  /s/
              by: _____
                     Michael C. Liebman
                     Assistant United States Attorney
                     D.C. Bar No. 479562
                     555 Fourth Street, N.W., room 4231
                     Washington, D.C.  20530
                     353-2385
                     michael.liebman@usdoj.gov